TODD M. MALYNN, SBN 181595
FELDMAN GALE, P.A.
880 W. First Street, Suite 315
Los Angeles, CA 90012
(213) 625-5005
Fax (213) 625-5993
tmalynn@feldmangale.com

JAMES A. GALE (Fla. Bar No. 371726)
RICHARD GUERRA (Fla. Bar No. 689521)
FELDMAN GALE, P.A.
One Biscayne Tower – 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33133
(305) 358-5001
Fax (305) 358-3309
jgale@feldmangale.com
rguerra@feldmangale.com

Attorneys for Plaintiff
CHASE BOARDS, LLC

JS-6

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 29 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE BOARDS, LLC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RDX INDUSTRIES, LLC d/b/a THRUST POWERED, an entity of unknown origin,<br><br>Defendant. | Case No.: SACV09-1040 DOC (RNBx)<br><br>**CONSENT JUDGMENT** |

Plaintiff CHASE BOARDS, LLC ("Chase Boards") and Defendant RDX INDUSTRIES, LLC d/b/a TRUST POWERED ("RDX") having reached an agreement for the purpose of compromising and resolving the disputes between them and having consented to the entry of this Order, either personally or through their undersigned counsel, and after consideration, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## SERVICE ON RDX

1. Defendant RDX hereby accepts service of the Complaint and submits to the personal jurisdiction of this Court.

## THE PATENT CLAIMS

2. Chase Boards owns all right, title, and interest in and has standing to sue for infringement of U.S. Patent No. 5,893,425, titled "Remote Control Electric Powered Skateboard" ("the '425 Patent").

3. The '425 Patent is valid and enforceable.

4. RDX acknowledges and stipulates that the device reflected in the photographs attached hereto as Exhibit 1 (the "Infringing Product") infringes the '425 Patent, and that RDX has imported, offered for sale and/or sold the same in interstate commerce subsequent to the issuance of the '425 Patent by the United States Patent and Trademark Office on April 13, 1999.

5. RDX represents and warrants it has offered for sale or sold 120 units of the Infringing Product for total revenues of approximately $48,580, and that RDX's profits from such sale of Infringing Products was approximately $13,900 not inclusive of overhead and general expenses, which when included RDX made no profit at all.

## RELIEF GRANTED TO PLAINTIFF

6. Defendant RDX, its officers, directors, principals, agents, servants, employees, affiliates, successors and assigns, and all others in active participation with RDX, are hereby permanently ENJOINED and RESTRAINED from:

    (a) making, having made by others, using, conveying, selling, offering for sale, importing, or exporting in violation of 35 USC § 271, or otherwise promoting marketing or selling, any product that falls within the scope of the claims of the '425 Patent, including but not limited to the Infringing Product; and

    (b) actively inducing any other person to infringe the '425 Patent.

7. Within 30 days of the date of this Order, RDX shall provide Chase Boards with the following:

(a) an accounting of all Infringing Product it has sold prior to the date of this Order. In making this accounting, RDX shall produce complete unredacted copies in its possession, custody, or control of all purchase orders, importation and shipping documents, which documents, if any, Defendant have; and invoices or other documents reflecting wholesale and retail sales or other conveyance or other disposition of Infringing Product to the extent it has such documents;

(b) an accounting of all inventory of Infringing Product it has in its possession or control as of the date of this Order. Further, within 10 days of this accounting, RDX shall either a) deliver to Chase Boards all Infringing Product it has in inventory at Chase Boards' full expense; or b) provide Chase Boards with an affidavit made by one of its principals confirming destruction and detailing the manner of destruction and disposal of all Infringing Product in RDX's possession or control; and

(c) all information and documentation RDX has in its possession identifying the following:

1. The names, addresses (including email addresses) and phone numbers (including fax numbers) of the manufacturers of the Infringing Product, if any exist;

2. The names, addresses (including email addresses) and phone numbers (including fax numbers) of all persons associated with or in the employ of the manufacturer with whom RDX has communicated with in relation to its past acquisition of the Infringing Product, if any exist;

3. The names, addresses (including email addresses) and phone numbers (including fax numbers) of all shippers and brokers, manufacturing representatives, sales agents, sales companies, or customs brokers, who assisted RDX in importing units of the Infringing Product into the United States, if any exist; and

4. The names, addresses (including email addresses) and phone numbers (including fax numbers) of all persons or companies known to RDX who currently or in the past have imported, offered for sale, sold, made, or have made the Infringing Product, if any exist.

8. RDX shall pay damages in the sum of one thousand Dollars ($1,000.00 USD) inclusive of attorney's fees and costs, to Chase Boards, within 30 business days of the date of this Order.

SO ORDERED THIS 29th DAY OF April, 2010.

_____
UNITED STATES DISTRICT JUDGE
DAVID O. CARTER

CONSENTED TO BY:

FELDMAN GALE, P.A.
Counsel for Plaintiff, Chase Boards
880 W. First Street, Suite 315
Los Angeles, CA 90012
(213) 625-5005
Fax (213) 625-5993

By: _____
Todd M. Malynn, Esq.


ONE LLP
Counsel for Defendant, RDX
535 Anton Blvd., Suite 850
Costa Mesa, CA 92626
(714) 4__-____
Fax (71_) ___-____

By: _____
Peter R. Afrasiabi, Esq.

CONSENT JUDGMENT - 4

# EXHIBIT 1
### [REPRESENTATIVE PHOTOGRAPHS OF INFRINGING PRODUCT]





DESIGNED TO PERFORM



## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Feldman Gale, P.A., 880 West First Street, Suite 315, Los Angeles, California 90012, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing document entitled **CONSENT JUDGMENT** is being served this day upon the following:

Peter R. Afrasiabi
pafrasiabi@onellp.com
**ONE LLP**
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone: (714) 434-8750
Facsimile: (714) 434-8756
Attorneys for Defendants, LiveOffice LLC and
Alexander Rusich

[ ]  BY MESSENGER: By causing such envelope to be delivered by messenger from Worldwide Network, leaving a true copy with the person and/or secretary at the address shown above.

[X]  BY MAIL: By placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the mail is deposited in a U.S. mailbox in the City of Los Angeles, California after the close of the day's business. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date is more than one day after the date of this affidavit.

[ ]  BY FACSIMILE: By transmitting a true and correct copy thereof into a facsimile machine addressed to the person, address and telephone number shown above.

[X]  BY ELECTRONIC/E-MAIL SERVICE: By transmitting a true and correct copy of said document to the e-mail address(es) herein and verifying completion of that transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Certificate of Service was executed on **April 29, 2010**, at Los Angeles, California.

ALICE FINKELSTEIN